12-613-cv
Quigley v. Citigroup Supplemental Plan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand thirteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

_____

DANIEL C. QUIGLEY, WILLIAM HIDEN, JOSEPH F. DURSO, DAVID A. STEWART, LARRY L. STAUFFER, RICHARD T. LAWRENCE, STEVEN P. HIRSCHBERG, ANTHONY D. PAOLO, GEORGE S. FLEESON, JOHN F. HABIG, WILLIAM A. WAGNER, SCOTT RANDALL, STEPHEN D. DAUGHDRILL, SANDRA J. SMITH, DAVID A. JENNINGS, LARRY B. DUNCAN, MICHAEL E. DOWELL, DAVID L. SACK, JEFFREY WINIK, DAVID P. WILSON, TIMOTHY F. KINSLEY, PAUL F. DUFLO, STEVEN J. COHEN, JOHN L. BARNES, JULIAN M. FRANK, PAUL S. POWERS, II, STEVEN K. FLANDERS, CRAIG O. NICHOLSON, THOMAS E. WATSON, SCOTT D. ARCHER, JULIAN FRANK, STEVEN GREENBERG, DAVID R. MCSEMEK, MICHAEL D. RASNER, PAUL A. LEVITT, RICHARD P. HALE, BRIAN T. FENELON, KEVIN D. PURCELL, GERALD J. FERRANTE, JOHN TURNER, WILLIAM G. HENDRIX, JACOB SHAPIRA, LEE MORRIS, GARY R. KRON, ROBERT MANNING, JOHN A. WALLA, ROBERT M. FREEDMAN,

*Plaintiffs-Appellants*,

JOHN L. VESSA,

      *Plaintiff*,

   v.                                  12-613-cv

CITIGROUP SUPPLEMENTAL PLAN FOR SHEARSON
TRANSFERS, PLAN ADMINISTRATION COMMITTEE OF
CITIGROUP INC., As Plan Administrator,

      *Defendants-Appellees*.

 

| | |
|---|---|
| FOR APPELLANTS: | EDGAR PAUK, Law Offices of Edgar Pauk, Brooklyn, New York. |
| FOR APPELLEES: | LEWIS R. CLAYTON (G. Karthik Srinivasan, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants, forty-seven former employees of Citigroup ("Plaintiffs"), appeal an Order of the United States District Court for the Southern District of New York (Gardephe, *J.*) entered on March 29, 2011 granting a motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants-Appellees, Citigroup Supplemental Plan for Shearson Transfers (the "Plan") and Plan Administration Committee of Citigroup Inc. (the "Committee") (collectively, "Defendants"), and a Judgment entered on March 30, 2011 dismissing Plaintiffs'

amended complaint without prejudice.[1]  We assume the parties' familiarity with the relevant facts and procedural history.

We review *de novo* a district court's dismissal of a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004).  In addition to the complaint, we may also consider documents attached to the complaint as exhibits and documents on which the complaint "relies heavily" or which are "integral to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotation marks omitted). Plaintiffs are participants in the Plan, which is administered by the Committee.  The thrust of Plaintiffs' argument on appeal is that they were not required to exhaust the Plan's claims procedures, or alternatively, to the extent they were required to do so, they were excused from this requirement due to the unreasonableness of the internal claims and appeals procedures.

First, Plaintiffs contend that the Release of Claims (the "Release") forwarded to Plaintiffs on July 24, 2009 rendered the Plan's claims procedures inapplicable.  The Release required an employee to execute and return it by November 5, 2009 as a prerequisite to receiving the One-Time Shearson Transfer Supplemental Contribution under the Plan (the "Excess Benefit"). Plaintiffs argue that the Release placed them in the impossible position of being required to exhaust their administrative remedies as a prerequisite to filing suit in the district court, while at the same time being unable to exhaust before the November 5, 2009 deadline because the Committee's claims review process would not be complete by that date.

This argument is without merit.  As the district court's dismissal was expressly without prejudice, Plaintiffs were free to refile their complaint once the administrative review process was complete.  To the extent that the district court's Order granting Defendants' motion to

---

[1] Plaintiffs also appeal the district court's Order entered January 17, 2012 denying Plaintiffs' motion for reconsideration of the district court's March 29, 2011 Order.  Plaintiffs, however, advance no argument that the district court erred in denying reconsideration.

dismiss effectively ended the case for Plaintiffs who filed administrative claims prior to filing suit, this result was the consequence of their failure to appeal the Committee's adverse determination, not a consequence of the deadline imposed on them by the Release. And to the extent that the rest of the Plaintiffs may be barred from filing suit in the future due to limitations in the Plan, such a consequence would likewise result from their own decisions and actions, and not the deadline in the Release.[2]

Plaintiffs next contend that the Plan's claims procedure is unreasonable and they are therefore excused from the Plan's exhaustion requirement. Section 2560.503-1 of 29 C.F.R., which "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits," provides:

> Every employee benefit plan shall establish and maintain *reasonable procedures* governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations . . . . The claims procedures for a plan will be deemed to be reasonable only if . . . [t]he claims procedures do not contain any provision, and are not administered in a way, *that unduly inhibits or hampers the initiation or processing of claims for benefits*. For example, a provision or practice that requires payment of a fee or costs as a condition to making a claim or to appealing an adverse benefit determination would be considered to unduly inhibit the initiation and processing of claims for benefits. . . .

29 C.F.R. § 2560.503-1(b) (emphases added). Subsection (*l*) of the regulation provides that "[i]n the case of the failure to establish or follow claims procedures consistent with the requirements of this section," a claimant is not required to exhaust administrative remedies as a prerequisite to seeking judicial review of an adverse determination.

In asserting that the Plan's claims procedure is unreasonable and that Plaintiffs are therefore excused from administrative exhaustion, Plaintiffs rely on the same argument as raised above—that the Release unreasonably required Plaintiffs to exhaust the claims process and file

---

[2] Since this issue was not raised in litigation or briefed by the parties, we take no position regarding whether the 43 Plaintiffs who had not filed administrative claims prior to suit would still be able to file their claims with Citigroup, exhaust the claims procedure, and bring a new action.

4

suit by the November 5, 2009 deadline.  For the reasons discussed above, that argument cannot succeed.  Moreover, the regulation cited by Plaintiffs sets forth minimum requirements for a plan's claims and appeal procedure, not the conditions under which a claimant may pursue civil litigation after exhausting his or her administrative remedies.  *See id.* at § 2560.503-1(b) ("Every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations . . . .").  The examples provided in the regulation of an unreasonable "provision or practice" in a claims procedure—*e.g.*, requiring a claimant to bear his or her own costs as a condition of making a claim—further indicate that the regulation is focused on ensuring the reasonableness of the claims procedure itself.  The regulation does not address post-administrative review litigation, except to require a notice of an adverse benefit determination to alert the claimant of his or her right to bring an action under section 502(a) of ERISA, and other tangential references.  *Id.* at § 2560.503-1(j)(4).  Plaintiffs have failed to establish that the regulation excused them from complying with the requirement to exhaust their administrative remedies.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5